## WADLEIGH vs. PILLSBURY.

A defendant in assumpsit pleaded in abatement of the action the pendency of a prior action, in which he was summoned as trustee of the plaintiff, who was there made defendant. The plaintiff replied that he sued out his writ on the day before said trustee process was served, and also averred that said trustee process was not pending when the defendant's plea was filed, and that he was then no longer liable on said process.—*Held*, upon demurrer, that the replication was double.

The mere pendency of a suit in which a defendant is summoned as trustee of the plaintiff, is not of itself matter to abate a suit subsequently commenced against him.

Wadleigh *v.* Pillsbury.

The correct course is to move for a stay of proceedings until the proceedings on the trustee process have been terminated.

The court will in such case, *it seems*, limit the costs.

But the pendency of a trustee process at the time the action was commenced, which has since been discharged, will be no cause for such a delay.

ASSUMPSIT. The defendant, at the August term of the court of common pleas, 1842, pleaded in abatement that, before the service of the plaintiff's writ on him, to wit, July 27, 1842, he was summoned as trustee of the plaintiff at the suit of one William Brown, Jr., for a just demand of said Brown; that the process is still pending in the court of common pleas for the county of Rockingham, and the defendant not discharged, but remaining liable in said suit for all the money, goods, &c., of the plaintiff in his hands or possession at the time of the service of Brown's process upon him. He then averred that all the plaintiff's causes of action contained in this writ existed at the time he was thus summoned as trustee, and that he had not since become indebted to the plaintiff, nor had any of his goods, &c., in his possession since that time. Wherefore he prayed judgment of the plaintiff's writ, that it might abate.

The plaintiff replied, that the writ ought not to be quashed, because he sued out his writ before the defendant was summoned as trustee by Brown, and before Brown's suit was commenced, to wit, July 26, 1842; and he averred that Brown's suit was not pending in any court when the defendant filed his plea, to wit, May 19, 1842, and that the defendant did not then remain liable upon the suit of Brown for any money, goods, &c., of the plaintiff, which were in his hands or possession at the time of the service of Brown's process on him, but was wholly discharged of said suit, to wit, May 17, 1842.

The defendant demurred specially, assigning for cause that the plea was double, in alleging that the plaintiff sued out his writ before the defendant was summoned as trustee, and in averring also that Brown's suit was not pending, and

that defendant did not remain liable upon it, but was discharged when his plea was filed.

Joinder in demurrer.

*Pillsbury*, and *S. D. Bell*, for the defendant, cited 5 *N. H. Rep.* 566, 568, *Burnham* vs. *Folsom ;* 8 *Mass.* 456, *Winthrop* vs. *Carlton ;* 2 *N. H. Rep.* 36, *Parker* vs. *Colcord ;* 4 *N. H. Rep.* 385, 389, *Clindenin* vs. *Allen ;* 5 *Mass.* 174, 180, *Commonwealth* vs. *Churchill.*

*H. Foster*, for the plaintiff.

PARKER, C. J. We are of opinion that the demurrer to the replication is well taken. It is evidently double. It attempts to avoid the plea, in the first place, by an allegation that the plaintiff's suit was instituted the day previous to the service of the trustee writ. Whether the allegation contains matter enough to show that the plaintiff had proceeded so far with his suit that it was entitled to precedence, as against the trustee suit, may be doubted. It alleges no service of the plaintiff's writ before the service of the other writ. But it is not necessary that the averment should be sufficient to constitute a defence, in order to render the replication double. It is enough that this is not set forth as a matter of answer to the plea, and that so far as it goes in answer it is independent of what follows, (to wit, that, before plea pleaded, the defendant was discharged from that process,) which is also set forth as an answer to the plea.

But we are also of opinion that the plea itself is bad, because the mere pendency of a suit, in which a debtor is summoned as the trustee of his creditor, is not of itself matter to abate a suit subsequently commenced by the creditor against his debtor. It does not stand in this respect like a prior suit commenced by the creditor himself. Having a cause of action, the law gives the creditor a right to secure his demand by attachment, unless this right is taken away

by the institution of the trustee process by a third person against his debtor. But the statute which authorizes that process does not contain any provision taking away or suspending his right to sue. Upon what principles can the court deny it to him? It may be essential to his security. The trustee process against his debtor furnishes him no security. He has no control over it. It is an adversary suit as to him. It may be founded upon a fictitious demand, and when he has defeated it he may find that his debtor, who was summoned as trustee, has become insolvent or has absconded in the mean time. If the demand on which it issues is *bona fide*, he may not be able to pay it at the moment, and his creditor who has instituted the process may discontinue it whenever he chooses. Or it may be for a debt much smaller than the amount due from the trustee. It is very apparent for these reasons that if the institution of the suit debarred the creditor from commencing one on his own account, it might be a convenient resource for failing debtors to procure some friend to summon them either on a real or fictitious demand against their creditor, until they could have time to arrange their affairs secure from the ordinary process of attachment. Besides, the case is not within the principle which abates one suit because of the prior pendency of another. It is not founded on the same cause of action, and the judgment for or against the principal in the trustee process does not bear upon the right of action in favor of the creditor against the trustee. The trustee part of the process operates as an attachment of the money, goods, rights and credits of the principal debtor in the hands of the trustee; and if those moneys, &c. are applied to the satisfaction of the demand, it will furnish the trustee an answer to the claim of his creditor thus far. But, until judgment against the trustee, the process operates only as an attachment (it is generally denominated a foreign attachment,) of the goods, credits, &c. in his hands. Like other attachments, it may be released (by a discharge of the trustee,)

and the suit proceed to judgment against the principal debtor. Such mere attachment is, upon principle, no more a bar or suspension of the creditor's right of action, than it would be if the cause of action against the principal in the action in which the debtor is summoned, was trespass, or if the cause of action by the principal defendant against the party summoned as trustee, was for some personal wrong.

It may be added, in support of this view of the case, that there is an averment in the plea, that Brown, who commenced the trustee suit, had a good demand against the plaintiff. This certainly should be regarded as a material fact, if this pleading were admitted. But how is this to be settled in this suit. If traversed by the plaintiff, and issue found for him, it could not affect Brown's suit, if that were still pending. Brown would have the right to try that matter with the plaintiff, in his suit, and, if he succeeded (having better means of knowledge where to find the evidence in support of his action than the defendant should be supposed to have,) on the the trial of the issue here, the defendant would seem to be in manifest danger of having two judgments against him for the same demand.

For these reasons we are of opinion that the supposition, stated in *Burnham* vs. *Folsom*, 5 *N. H. Rep.* 568, cannot be regarded as indicating the true rule upon the subject.

The correct course is, to move to stay proceedings in this suit until the trustee process, if that be pending, is determined. The court can in such cases limit the costs, as the justice of the case may require.

If, however, as the replication states, the defendant was discharged from the trustee process before the plea was pleaded in this case, he should have some better answer to make to the action than the mere fact that a trustee process, which has been abandoned, was pending against him when this writ was served.

*Respondeas ouster.*