## NEVINS v. THE ROCKINGHAM MUTUAL FIRE INSURANCE COMPANY.

Under the act incorporating the Rockingham Mutual Fire Insurance Company, if the company do not proceed to act on the question of a loss within three months after it has been duly notified to them, the insured may bring his action to recover the loss ; and in such case the provision of the charter, requiring an action to be brought to the next term of the court after the loss has been determined by the company, does not apply.

The pendency of a trustee process, in which the defendants are summoned by another party as trustees of the plaintiff, cannot be set up as a defence on trial.

But if judgment in the trustee process has been rendered against the defendants and satisfied, the amount paid to satisfy the judgment will be deducted from plaintiff's demand.

The charter of the defendants required them to determine and pay all losses within three months after notice.   After the expiration of the three months, and after the service on them of the trustee process, they voted to allow the plaintiff a part of his claim ; and were charged in the trustee process for a part of the sum voted ; the jury returned a verdict for a larger amount than the sum voted.   Held that interest should be charged as follows :—

On the sum voted, from the expiration of the three months till the same was voted.

On the balance of the sum voted, after deducting the amount with which the defendants were charged as trustees, from the time when judgment was rendered against them as trustees, to the rendering of judgment in this suit.

On the excess of the verdict above the sum voted, from the time of the loss to the rendering of judgment in this suit.

If a policy issued by a mutual fire insurance company provides that the insurance, in case of a loss, shall be paid to a third person, the action to recover the loss should be in the name of the party to the policy, who gives the premium note, and thereby becomes a member of the company.

Assumpsit, on a policy of insurance against fire, issued by the defendants, a mutual fire insurance company, to the plaintiff, who owned the property insured, and gave his premium note to the defendants.   Plea, the general issue, under which the defendants stated the following grounds of defence :

1.   The directors of the company did not determine the amount of the loss until long after the commencement of this suit.

2. This suit.was instituted by one Joel C. Lane, in the name of the plaintiff, claiming to be assignee of the plaintiff, whereas Lane had no authority to institute the suit, and neither he nor any other person has now authority to sustain the present action.

3. On the 25th of December, 1846, the defendants were summoned in the court of common pleas, as trustees of the plaintiff, by Mendell, Drinkwater & Co., which suit is now pending, and such proceedings have been had therein, that at the December term of the Superior Court, 1849, an order issued to the court of common pleas, that the defendants were chargeable as trustees of this plaintiff for the sum of $1144,55, provided so much should remain in their hands, after deducting the costs of the defendants and the sum due to Holland and Lane.

4. The directors of the company, on the 23d of August, 1847, determined the amount of the plaintiff's loss at the sum of two thousand dollars.

The policy contained the following provision: "In case of loss, payable to Holland & Lane." It did not appear that Holland & Lane had any interest in the goods insured; but part of the goods were purchased by the plaintiff of Holland & Lane, and he was indebted to them at the time of the loss. The fire, by which some of the goods insured were destroyed and others damaged, happened on the 27th of October, 1846. The policy was dated February 9th, 1846, and the insurance was for six years next following that date. Due notice of the loss was given to the defendants within thirty days after it happened.

On the 23d of August, 1847, the directors voted to allow the plaintiff two thousand dollars as the amount of his loss. The amount insured was two thousand and five hundred dollars. This suit was commenced on the 18th day of May, 1847; and the defendants contended that it was prematurely brought, and could not be sustained, having been

commenced before the loss was ascertained or determined by the directors.

On the 25th of December, 1846, a suit was brought by Mendell, Drinkwater & Co. against this plaintiff, as principal, and the defendants as trustees, returnable at the February term of the court of common pleas, in which judgment was rendered at the February term of that court in 1850, charging these defendants, as trustees of the plaintiff, for the sum of twelve hundred and seven dollars. For this reason also the defendants contended that the action could not be maintained.

The act incorporating the defendants, provides that they may plead and be impleaded, sue and be sued, in any court of record.

The seventh section of the act provides, " That in case of any loss or damage by fire happening to any member upon any property insured with said company, the said member shall give notice thereof in writing to the directors, or some one of them, or to the secretary of said company, within thirty days from the time when such loss or damage may have happened; and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss or damage; and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against said company for said loss or damage, at the next court to be holden in and for the county of Rockingham,"—" and if upon trial of said action, a greater sum shall be recovered than the amount determined by the directors, the party suffering shall have judgment therefor against the said company, with interest thereon from the time said loss or damage happened; but if no more shall be recovered than the amount aforesaid, the said company shall recover their cost: provided, however, that the judgment last mentioned shall in no wise affect the claim of said suffering party to the

amount of said loss or damage, as determined by the directors aforesaid."

By the eleventh section of the act, it is provided " that the directors shall settle and pay all losses within three months after they shall have been notified as aforesaid," unless they shall elect to rebuild within that time.

The defendants were bound by the terms of the policy to pay the whole amount of a total or partial loss, provided the whole amount of stock on hand should exceed by one-third the amount insured, and in that proportion, if the value were less.

The court overruled the defendants' objections, and the jury found the value of the goods, at the time of the fire, to have been $4002,61, and the amount of loss to have been $2785,61.

The plaintiff thereupon took by consent a verdict for $500, upon which judgment was to be rendered, or the verdict amended, or set aside and a new trial granted, as the opinion of the court should be on the foregoing case.

*J. S. Wells*, for the defendants.

No action can be maintained against the defendants, unless brought under the charter; and by the 7th section of the charter it is clearly required that " the directors shall ascertain and determine the amount of said loss or damage," before the plaintiff can bring a suit. There is no time fixed by the charter, when the determination of the amount of the loss shall be had.

If the directors should omit to determine the amount of the loss beyond a reasonable time, chancery proceedings may compel them to proceed, or they may be held personally liable for their neglect; but the company are not subject to a suit until the preliminary proceedings are had. When that is done, the 7th section gives the party suffering, an action to be brought to the next term of the court in Rockingham county.

3

This being a mutual insurance company, all parties join-ing it are bound by the provisions of the charter, and are legally held by their agreement, not only to the forum, but to the mode and manner specified for determining their claims.

The 11th section is independent of the 7th, and merely requires the directors to settle and pay all losses within three months; it has no reference to the subject of ascertaining and determining the amount of the loss.

Again, we say that the suit of Mandell, Drinkwater & Co., against this plaintiff and the defendants as trustees, bars the plaintiff during the pendency of that action. *Jones* v. *Winchester,* 6 N. H. Rep. 497; *Wright* v. *Bostworth,* 7 N. H. Rep. 590; *Plumer* v. *Drake,* 5 N. H. Rep. 556.

The plaintiff was sued, and the defendants summoned as trustees. ' They must at their peril appear and abide the judgment of the court. The property or funds in their hands must be safely kept to meet the judgment which may be rendered. Here the fund is seized, and held to be opera-ted upon by the judgment, which, if of sufficient amount, must of course render inoperative the proceedings in the name of Nevins.

It is no answer to say that there may be a balance after satisfying the judgment in the trustee process, for that binds the whole, and the trustee is bound to retain it at his peril.

*Marston* and *Emery,* for the plaintiff.

1. The pendency of a suit, in which a debtor is sum-moned as trustee of his creditor, does not take away or sus-pend the creditor's right to sue. It may afford a reason for staying proceedings, but nothing more. *Wadleigh* v. *Pills-bury,* 14 N. H. Rep. 373.

2. The 7th section of the charter requires the directors, after notice of a loss, to proceed to adjust the loss or dam-age, and provides a special remedy for the insured, if he is dissatisfied with such determination: namely, a reference, or an action at the next court of common pleas in this county.

The 11th section requires all losses to be settled and paid within three months after notice. Prompt action is required of both parties, that the loss may be assessed, and borne by those then liable.

It by no means follows that because the law has provided a specific remedy in a given case, the party seeking redress is confined to that remedy; it is in most cases merely cumulative. *Gooch* v. *Stephenson*, 1 Shep. 371; *Crittenden* v. *Wilson*, 5 Cowen, 165; *Farmers' Turnpike* v. *Coventry*, 10 Johns. 389. But however that may be in a case where the remedy provided by the statute is open to the party seeking redress, yet where he cannot avail himself of the special remedy, he is of course remitted to the general law, as if no special remedy had been provided. So held in *Boyden* v. *Middlesex M. F. Ins. Co.* 4 Met. 212, in a case similar to the one at bar; and in *Smith* v. *The Atlantic M. F. Ins. Co.*, by Judge *Woodbury*, at the last October term in this district. So in *Dutton* v. *Ins. Co.* 17 Vermont, 369.

In this case, the loss took place in October, 1846; the action was not commenced until seven months after, in May, 1847; and no vote was passed to determine the amount of the loss until August, 1847, when the directors, by their vote, acknowledged $2,000 to be due to the plaintiff, which by the charter they were required to pay within three months after receiving notice of the loss.

The plaintiff's position is, that by the neglect of the defendants to adjust and determine the amount of his loss beyond the time within which they were required to adjust and pay all losses, he is entitled to prosecute his action in any court proper to try the same, as though the act of incorporation had provided no remedy whatever.

PERLEY, J. The objection that the suit was brought and is prosecuted by or for Lane, without authority from the plaintiff, cannot prevail. In the absence of proof to the contrary, we must presume that the suit is prosecuted by the plaintiff on the record, or by his authority.

If the claim of the plaintiff had been assigned after the loss, the assignee would have power to institute and prosecute the suit, without any other authority from the nominal plaintiff than that which is implied in the assignment, and that implied authority being coupled with an interest, could not be revoked. *Sanborn* v. *Little,* 3 N. H. Rep. 539.

The policy states that, in case of a loss, it is payable to Holland & Lane. But the contract of the defendants was with this plaintiff; the policy issued to him; he gave the premium note and was the member of the corporation, and not Holland & Lane; the goods belonged to him; Holland & Lane do not appear to have had any insurable interest in them, though they were creditors of the plaintiff, and sold him some part of the goods. The action was properly brought in the name of the plaintiff, and so far as Holland & Lane have any interest, he will recover for their benefit. We understand this point to have been settled in *Kittredge* v. these defendants, decided in Rockingham county, but not yet reported.

The defendants take the ground that the action cannot be maintained, because it was commenced before the directors determined the amount of loss.

The loss happened on the 27th of October, 1846; and the action was commenced on the 18th of May, 1847; due notice was given within thirty days. Nothing was done to liquidate the loss, or determine the question of loss, till the 23d of August, 1847, near nine months after the defendants received notice of the loss. Nothing is stated in the case to excuse or explain this delay.

The act of incorporation requires the directors to settle and pay all losses within three months after they receive notice. The suit was brought more than five months after the latest time at which the notice can have been given. The time limited by the charter, for the directors to determine and pay the loss, had passed. If the plaintiff cannot, in this case, maintain his action without a previous deter-

mination of the loss by the directors, it is not easy to see how an action to recover a loss can in any case be maintained, if the company and the directors neglect the duty imposed on them by the charter.   The insured could never maintain an action on his policy, unless the directors could be compelled by some auxiliary process to do their duty in this behalf.   And this is the ground taken by the defendants.   They say that the plaintiff should have applied to the equitable jurisdiction of this court, and thus compelled the directors to act.   If this is the true construction of the charter, it leaves the insured to an unusual, dilatory and very inconvenient remedy, in case the directors should neglect their duty, as they have here; for, suppose this court should assume the power to compel the directors to act on the loss, unless they should choose to admit and pay it, the insured would still be left to all the additional delays and difficulties of a contested suit on the policy.

The seventh section of the charter, on which the defendants rely, makes it the duty of the directors to ascertain and determine the amount of the loss; the eleventh section requires them to settle and pay all losses within three months after notice.   They are, therefore, bound to decide on the question of loss, at the latest, within three months after notice.

The seventh section proceeds to enact that " if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against said company, for said loss or damage, at the next court to be holden in and for the county of Rockingham, and not afterwards," &c.   By " the determination of the directors " here mentioned, we must understand a determination such as is required by the charter; that is to say, a determination made within the reasonable time limited, and, at the latest, within three months after notice.   In case of such a determination, the assured must take the sum allowed, or if he is dissatisfied,

he must promptly appeal from that determination by a suit brought to the next court held in the county where the corporation is established.

Two views may be taken of this provision in the charter. According to one of them, it would apply only to a case where the directors admitted a loss, and determined to allow a certain amount, and not to a case where they considered the question of their liability to pay a loss, and determined to pay nothing. It is to be observed that the act makes no provision for the trial and disposition of an action, where the directors have decided to pay nothing; when the action is brought under this provision of the charter, the insured is at all events to have the sum awarded; if the jury give more, he is to have the excess with interest and costs; if they give no more, he is to pay costs; but he still has the sum voted by the directors. These provisions all appear to contemplate a case where a loss has been admitted, and the amount fixed by the directors, and the only question is whether the insured is entitled to recover more. In Massachusetts, it has been held, in giving construction to an act substantially and almost literally the same with that by which the defendants were incorporated, that the provision in question applies only to a case where the directors have admitted a loss, and determined on a certain amount, with which the insured is dissatisfied. *Boynton* v. *Middlesex Mut. F. Ins. Co.* 4 Met. 212.

The other construction would extend the provision to a case where the directors have duly and seasonably considered the question of loss, and determined to pay nothing. *Williams* v. *Vermont. Mut. F. Ins. Co.* 20 Vermont, 222.

We are not called on to decide which of these cases is the more correct; for neither of them gives any countenance to the position that, if the directors neglect to act on the question of loss within the time required by the charter, no action can be maintained by the insured to recover his loss.

Nevins *v.* The Rockingham Fire Insurance Company.

The ground taken by the defendants is that a special remedy is provided by the charter for the recovery of all losses, that this provision applies to all cases, and excludes all other remedy. But we think the special remedy was intended only for the special case, where there had been a seasonable determination by the directors on the question of loss, and the insured was dissatisfied with their determination.

The corporation are by their charter made liable generally to be sued in any court of record; if the special remedy must be pursued, they can be sued for a loss only in the county of Rockingham. They made a contract within the scope of their corporate powers; by the contract, they in substance undertook to settle and pay any loss that the plaintiff might suffer, according to the terms of the policy and the provisions of the charter. The charter required them to settle and pay the loss within three months after notice. They did not pay the plaintiff's loss, nor did they take the preliminary steps to ascertain the amount of his loss, or whether he had suffered any loss which they were bound to pay, until after the time limited for payment, and after this suit was commenced; their subsequent action on this point cannot affect the plaintiff's right to recover. They say that their general undertaking to pay, is qualified by reference to the provisions of the charter, which gives an action in a particular court, and within a limited time after they have acted on the question of loss. But they have not themselves complied with the charter; they are within the immunity and privilege of the charter, which requires them to be sued in a particular court, and within a certain time, only when they have determined the question of loss according to the act, and their implied undertaking with the plaintiff. This is the doctrine of *Boynton* v. *Middlesex Mut. F. Ins. Co.*, and a different construction would operate with great injustice, and put it in the power of the corporation to deny the insured all convenient and practicable remedy.

The pending trustee process was no defence to the suit. The defendants might have applied for a stay of proceedings, if the trustee suit were not determined before the trial came on. *Wadleigh* v. *Pillsbury*, 14 N. H. Rep. 373.

But the sum paid by the defendants, to satisfy the judgment against them in the trustee process, should be deducted from the amount due to the plaintiff at the time of the judgment. This would be an answer *pro tanto* to the plaintiff's claim, and would not require a special plea, as our statute provides that such a defence may be made under the general issue.

Any part of the loss, which in equity may belong to Holland & Lane, must be recovered in this suit. No action could be maintained, in their own names, by Holland & Lane, and the defendants could not be subjected to several actions on one entire contract for the same breach.

In order to amend the verdict, as is provided in the case, it will be necessary to settle the principles upon which interest is to be computed.

An insurance against fire, by the policies in general use, is a contract of indemnity. The damages, until they are ascertained, by agreement or otherwise, are unliquidated. *Brinley* v. *Ins. Co.* 11 Met. 195; *Bell* v. *Pike & Trustees*, decided in Grafton county, and not yet reported. But though no fixed sum is due, on which interest can be allowed as a legal incident, a full indemnification would require that interest should be cast on the amount of actual damage from the time of the loss; and unless the contract of insurance, expressly or by implication, prescribes another rule, interest should be computed on the actual loss, from the time when it happened. By the provisions of their charter, these defendants are not bound to pay until three months after they receive notice. From this provision, we think it must be implied that, if they settle and are ready to pay a loss within the three months, no interest can be allowed.

But where the company allow a certain amount, and the

insured, in an action prosecuted in the method provided for that case, recovers more, the charter, following what we understand to be the general rule, gives interest on that excess from the date of the loss.

The defendants voted the plaintiff two thousand dollars, and on this case he is entitled to recover the whole amount insured, being two thousand five hundred dollars. On this excess of five hundred dollars, interest must be cast from the date of the loss. The pendency of the trustee process could not suspend interest on this sum of five hundred dollars, because it was not liquidated, and, therefore, could not be attached by that process, as was decided in the case of *Bell* v. *Pike & Trustees,* before mentioned.

Some reasons might be assigned for holding the defendants liable on the whole of the loss, from the time when it happened until the vote was passed allowing the plaintiff two thousand dollars. But as the defendants were in no default until the expiration of three months after notice was given of the loss, we have, on the whole, come to the conclusion that interest should be allowed on the sum of two thousand dollars, from the expiration of the three months till the vote was passed. During that time, the trustee process was pending; but the defendants neglected to act on the question of loss, and until a liquidated sum was in their hands, due to the plaintiff, they had no fund on which the trustee process would attach; and, therefore, the process would be unreasonably delayed by their neglect, and they ought not, during that time, to protect themselves from the payment of interest. As a general rule, the garnishee will not be liable for interest while the attachment remains in force, unless he has been guilty of neglect or fraud. Sargent on Foreign Attachment, 108. But if there has been any unreasonable delay occasioned by the conduct of the garnishee, such case will form an exception to the rule that he is not chargeable with interest. Sargent on Foreign Attachment, 166. In this case, the delay of the defendants

to liquidate the plaintiff's loss, must be regarded as unreasonable after the expiration of the three months; and in the absence of any explanation, we must infer that the process was delayed by this neglect, as no fund was in their hands, liable to the process, until the loss was settled.

But after the defendants voted to allow the plaintiff two thousand dollars, that sum was a fund attached by the process, and nothing appears to show that the defendants were guilty of any improper conduct, to make them liable for interest on that liquidated sum, while it remained attached on that process.

The defendants will, however, be chargeable with interest on the balance of the two thousand dollars, after deducting the amount with which they were charged in that process, and their costs, from the time of the final judgment in that process.

There must be judgment on the verdict, amended in conformity with these views.