At the following November term in Suffolk, the action still being continued nisi, the decision of the Court was pronounced by
Parsons, C. J.
On the facts in this case, it is manifest that when the supposed trustees were attached, they had goods, [ * 152 ] effects, and credits of Tippets in their hands. * Their counsel have cited the decision of this Court in the case of Howell vs. Freeman and Frye, his trustee, as applicable to the circumstances of the case at bar. The principle decided in that case we consider as correct; but the application of it to the case under consideration may well be denied. The embarrassment, of which the trustees here complain, arises wholly from their own error. Had they formed a correct opinion, they would not have disputed Tippets’s demand against them, further than was necessary to deduct Locke’s demand against him. At the first term of the Common Pleas, Tippets by his default admitted Locke’s demand, and judgment might then have been entered in this suit; which judgment they might have satisfied, and then discounted it out of Tippets’s demand against them.
But if this measure was prevented by their too great confidence in their defence, they certainly, acted imprudently, when, submitting to Tippets’s demand, they paid the whole of the review bond, instead of deducting so much of the original debt, as had been attached in their hands on this suit. And if Tippets had refused to allow the deduction, and had put the bond in suit, this Court would have allowed it, on the same principle that they would have allowed a partial payment of the judgment to Tippets himself. If therefore the trustees, paying the money once to Tippets, and again to Locke, his attaching creditor, are driven to their remedy against Tippets, to recover back the money paid to his use, they must impute the inconvenience to their own mistakes or inattention ; for which they are to suffer, and not the plaintiff Locke, to whom no loches are chargeable.
Let the plaintiff have judgment against Tippets, and let all the trustees stand charged, and execution issue accordingly.