## JACKSON *against* PEER.

A plea *puis
darrein conti-
nuance* may,
in general, be
pleaded with-
out being veri-
fied by affida-
vit.
And the de-
fendant may
enter a rule of
course to a-
mend such a
plea, as in oth-
er cases.
So he may
enter a rule of
course to reply
or that the
plaintiff be nonprossed.

TRESPASS for mesne profits, in the name of the nominal plaintiff, on a recovery in ejectment in this Court *ex dem. Freeman*. The cause being at issue, upon a plea of the general issue, and noticed for trial at the Chautauque Circuit in August, 1824, the defendant there interposed a plea *puis darrien continuance*, duly verified by oath, that the writ of possession in the ejectment suit had been vacated by a rule of this Court, and the possession of the premises in question yielded up and restored to the defendant. To this plea the plaintiff demurred *instanter*, and served a copy of the demurrer on the defendant's attorney; and moved the Court

Under a rule of course to amend his plea, the defendant may alter it so as to modify, or vary entirely, the ground of defence taken by the original plea.

for a trial of the issue in fact which had been joined in the cause; but the Judge declined trying it. No rule to join in demurrer was ever entered. Afterwards the defendant's attorney entered a rule of course to amend the plea *puis darrein continuance ;* and on the 30th day of October, 1824, served a copy of the amended plea on the plaintiff's attorney. This plea, in addition to the *vacatur* and restitution pleaded in the first, averred that on the 16th September, 1824, Freeman, the lessor, had caused the judgment in the ejectment to be vacated, set aside and altogether held for nothing. On the 19th November, 1824, the attorney for the plaintiff returned this copy to the defendant's attorney, objecting that it was irregular, and that the plaintiff's attorney was not bound to receive it. This was soon afterwards returned to the plaintiff's attorney by mail. The defendant's attorney having entered a rule to reply to the amended plea, gave notice of this to the plaintiff's attorney, and proceeded to judgment of *non pros,* for want of a replication, in the same manner as in the ordinary course of a cause upon the usual plea. He then caused the defendant's costs to be regularly demanded of Freeman, the lessor, on the 14th April, 1825, delivering him at the same time the copy of a *ca. sa.* for the costs, with a copy of the taxed bill, and showing him the original *ca. sa.* and taxed bill. And now

*P. De Witt & J. Houghton,* for the defendant, moved for an attachment against the lessor of the plaintiff for nonpayment of the costs.

*R. Sedgwick & A. Dixon,* contra, moved to set aside the *non pros* for irregularity, insisting that a plea *puis darrein continuance* cannot be amended of course in any respect; and that, at any rate, it cannot be amended so as to make it an entire new plea, setting forth additional matter, which would, in itself, constitute a defence. They cited 18 John. Rep. 310 ; Bull. N. P. 309 ; 2 Dunl. Pr. 628–9 ; 1 Chit. Pl. 638 ; 2 Tidd, 778 ; Yelv. 181 ; Freem. 252 ; Gilb. C. P. 105 ; 1 Str. 493 ; 1 Ld. Raym. 266 ; and Col. Cas. 87.

They also insisted that the plea, not being verified by affidavit, was a nullity. (Tidd, 777.)

*De Witt & J. Houghton*, to show that the plea need not be verified by affidavit, cited *Bancker* v. *Ash*, and *Lawrence* v. *The same*, (9 John. Rep. 250.) And they insisted that this plea, as well as any other in the ordinary course of the cause, might be followed by a rule of course to reply.

*Curia.* Both these motions depend upon the regularity of the plea, and the proceedings under it. The amended plea *puis darrein continuance* was not void for want of being verified by affidavit. (9 John. Rep. 250.)

The 4th rule of April term, 1796, is general, that the rule to plead or answer shall, *in all cases,* be a rule of 20 days after notice of its entry, except in certain specified cases not including pleas *puis darrein continuance ;* and we see no objection in policy or convenience, against its being extended to these pleas. The 8th rule of that term is also general, that the defendant may amend a special plea which is demurred to ; and we think that, in spirit as well as terms, it embraces a plea *puis darrein continuance.* This is not the case of adding a new plea ; but a mere alteration of an old one. Under a rule of course to amend, the defendant has a right to alter his plea in substance, so as to modify, or vary entirely the original ground of defence.

The plaintiff's motion must be denied, and the defendant's granted ; but without costs on either side.

Rule accordingly.