| 10 | 117 |
|----|-----|
| 67 | 79 |
| 10 | 117 |
| 69 | 396 |

## Paul *vs.* Paul & Trustee.

Where a negotiable note was placed in the hands of an individual, to be disposed of; first to pay certain claims, the balance to be appropriated as the trustee should think best; the reason assigned for this disposition being that the defendant was sick, and not expected to live—*Held*, on the defendant's subsequent recovery, that the transfer of the note was based on a contingency which did not occur, and that the defendant might legally control the note.

Where the remedy of the defendant lies in tort merely against another, such person cannot be summoned as his trustee.

FOREIGN ATTACHMENT. It appeared, from the disclosure of the trustee, that a negotiable promissory note, drawn payable to the defendant, and which was his property, was, by the defendant, in the month of October, 1836, put into the trustee's hands, and was afterwards, in November, 1836, endorsed to the trustee for certain specific purposes, to be first paid and satisfied by the trustee—with directions from the defendant, after naming certain other debts and claims against him, for which it was to be holden, to appropriate the balance of the note in such manner as he, the trustee, should think best, after being remunerated for his trouble; the defendant being then sick, and not expecting to live.

That afterwards the trustee put the note in suit, and at the term of this court holden at Newport, in this county, in April, 1837, recovered judgment on the note in his own name, and took execution thereon—that on or about the 30th day of December, 1837, the trustee verbally agreed with the selectmen of the town of Newport to assign the judgment to them, or to the town—the defendant having been a pauper, and as such received support from the town; and on the 3d day of January, 1838, the trustee executed, under his seal, a written assignment of the judgment to the selectmen.

It also appeared, from the disclosure, that after said verbal agreement, and before the execution of the written assignment of the judgment, the defendant requested the trustee not to make any such assignment, and not to let the town have any part of said judgment; and the writ in this action

was also served on the trustee before the written assignment was executed.

It also appeared that, after satisfying the several specific purposes for which the note was placed in the trustee's hands, there would remain of the debt, recovered by the trustee on said note, by the judgment, with interest thereon, the sum of seventy-two dollars; which sum has been tendered by the judgment debtor in said action to the trustee, since the commencement of this suit, over and above a sufficient sum to satisfy said specific purposes.

*Edes,* for the plaintiff.

*Forsaith,* for the trustee.

UPHAM, J. The circumstances under which the property of the principal debtor was placed in the hands of the trustee in this case, are somewhat singular. He was to appropriate the funds derived from the note to certain specific purposes; and the balance remaining was to be appropriated, not to the use of the trustee, but, after paying the trustee's expenses, he was to appropriate it in such manner *as he, the trustee, should think best.* The appropriation, however, seems manifestly designed to be made either to meet such claims as might at such time exist against the principal debtor, or to be given to such of the friends or connexions of the principal debtor as the trustee should deem proper; or perhaps to be appropriated to other useful or charitable purposes, the debtor being at the time sick, and not expecting to live.

He did live, however, and was able subsequently to give farther directions as to the balance of this fund, and to limit his instructions as to its disposal, which were originally based on a contingency which did not occur.

Having reason to suppose that the trustee designed to give this balance to the town of Newport, or fearing that he might

so appropriate it, the debtor prohibited such a disposition of it, and countermanded his general authority as to it, to this extent.

It is clear that he might well do this, as the property in the hands of the trustee still belonged to the principal debtor, and the trustee was merely his agent.

An unexecuted direction of the principal, as to the mode of disposal of this fund, could be countermanded, and different directions given, or the fund might be reclaimed.

Here the fund was not reclaimed, and no new general direction as to its appropriation given. The trustee was merely prohibited giving it to the town—his general authority as to its disposal in all other respects remaining in force.

The prohibition was perfectly within the power of the debtor, unless such disposition of it had been previously made.

The case finds that the trustee had previously verbally promised the town that the money, or rather judgment in his hands, should be assigned to the town ; but this promise necessarily was made with the understanding that this should be done only in case his power continued until it could be executed. But before it could be executed, or before it was executed, the trustee was prohibited making this disposition of the judgment. The promise to the town, moreover, was without consideration, and not binding.

The assignment of the judgment to the town, under these circumstances, was clearly an appropriation of it which the trustee had at the time no right to make. The trustee has, therefore, wrongfully converted the property or judgment to an use prohibited by the owner.

The question then arises, what remedy the owner of the judgment has against the trustee ? It seems clearly to be a wrongful conversion of property belonging to the debtor ; but it was property which was not money, and which, as betwixt the debtor and trustee, had never been treated as money, or holden by the trustee as such. The remedy of the debtor,

therefore, would be in tort for a wrongful conversion of the property.

But when the trustee is only liable in this mode to the principal debtor, he cannot be summoned as his trustee. He can only be summoned as trustee when he is indebted to the principal debtor, or holds funds in such manner as to render him liable in assumpsit, or has, at the time, goods or chattels of the debtor in his hands.

Here the trustee is not liable in assumpsit, and has nothing in his hands in consideration of the assignment that may be treated as money had and received. He is liable only to the defendant for the wrongful conversion of the judgment.

The debtor has a remedy against the trustee for this wrong, but his creditors cannot recover the damage for such a wrong, to their use, by means of a trustee process. Such process cannot be sustained under the circumstances.

*The trustee must, therefore, be discharged.*