### ZURCHER v. MAGEE, SHERIFF, &C.

1. A defendant in a judgment, being summoned as a garnishee, by a creditor of the plaintiff, answered, that he was indebted to the plaintiff in the judgment, &c., at the date of garnishment, but, that since that day, he has paid the amount thereof to the sheriff upon an execution in his hands : thereupon the plaintiff in the judgment, who had given due notice, moved the Court for judgment against the sheriff for the amount so collected : whereupon, after providing that the attorney, who obtained the judgment, should be paid his fees, and the garnishee his expenses for an answer, the Court directed that the balance, after paying costs of the garnishment, should be paid over to the person at whose suit the same issued. Held, that the proceeding was erroneous, and that judgment should have been rendered against the sheriff on the motion.

2. Money collected by a sheriff in virtue of an execution, cannot be attached by garnishment, as the property of the plaintiff in the judgment; for while it remains in the sheriff's hands it is regarded as in the custody of the law.

3. *Semble*—Where the right to receive money collected by a sheriff is contested, the Court from which the execution issued, may, in some cases, decide the question of right, as a guide and protection to the officer in the performance of his duties.

4. Proceedings of a summary character must be sustained by the allegations and recitals in the record, and cannot be aided by intendment.

The only entry in this cause, with the exception of the order for an appeal to this Court, is in the following words, viz :

" Charles A. Stewart, who has been summoned as a garnishee in the case of T. Sanford vs. James Zurcher, came into court and was sworn.   Upon oath says, that at the date of the garnishment, say the 30th April, 1840, he was indebted to Zurcher one hundred dollars, by judgment obtained in the County Court of Mobile county, at the last term of said Court; and further says, that since that date, he has paid the said sum to the sheriff of Mobile upon an execution in his hands.—The said James Zurcher, by his attorney, John F. Adams, moves the Court for judgment against Wm. Magee, sheriff, for 101 33-100 dollars, the said Magee having collected the same by execution from this Court, on the judgment rendered at the last term in favor of Zurcher vs. Stewart, the same not having been paid over on demand made 10th June, 1840, by John F. Adams, plaintiff's attorney.   And it appearing to the Court, that

said Magee has had one day's notice of said motion, and that demand has been made as alledged therein. The said motion having been seen and inspected by the Court, it is ordered, that the sheriff pay to the attorney, J. F. Adams, his fees for obtaining the judgment vs. garnishee. The garnishee $5, for filing his answer in the case of garnishment, and that the balance, after paying costs of the garnisnment, be paid over to T. Sanford."

Mr. ADAMS for the plaintiff.

No counsel appeared for the defendant.

COLLIER, C. J.—However equitable may be the order of the County Court, directing distribution of the money, which both Sanford and the plaintiff were seeking to recover, we think it cannot be sustained upon principles of law.

As soon as the amount of the plaintiff's execution against Stewart, was collected by the sheriff, the money was considered as in the custody of the law ; and the plaintiff might, after demand of the sheriff, upon one day's notice, have moved the County Court for judgment against him, and recovered the amount received. [Aik. Dig., s. 76, p. 174.]

Whether a claim in suit, or which has been prosecuted to judgment, can be attached by garnishment, so as to defeat the plaintiff in the suit or judgment in a recovery of the money, is a question on which the authorities do not entirely agree. In Grayson vs. Veech, 12 Martin's Rep. 688, it was held, that as the statute of Louisiana authorised the effects and credits of absent debtors to be attached, it was competent for the plaintiff in an attachment to cause the amount of a judgment lately recovered against himself by the defendant, to be attached. And in McCarty vs. Emlen, 2 Yeates' Rep. 190, McKean, Ch. Justice, determined that a debt in suit might be attached in the hands of the defendant in the suit. But in Wallace vs. McConnell, 13 Peters' Rep. 136, it was decided, that a debt, for the recovery of which a suit was pending in the District Court of the United States, could not be attached by process issuing from a county court—that the priority of the suit will determine the right. " And where the suit in one court is com-

menced prior to the institution of proceedings under attachment in another court, such proceedings cannot arrest the suit ; and the maxim, *qui prior est tempore, potior est jure* must govern the case. This is the doctrine of this Court in the case of Renner and Bussard vs. Marshall, 1 Wheaton 216, and also in the case of Beaston vs. the Farmers' Bank of Maryland, 12 Peters, 102 ; and is in conformity with the rule that prevails in other courts in this country, as well as in the English Courts ; and is essential to the protection of the rights of the garnishee ; and will avoid all collisions in the proceedings of different courts, having then the same subject matter before them—5 Johns' Rep. 100 ; 9 Johns' Rep. 221, and the cases there cited." If the case quoted *be a correct ascertainment of the law*, it is clear that the judgment of the County Court cannot be sustained. In that case, as in this, the garnishee interposed no objection to the proceeding against him, but his creditor, the defendant, litigated the question.

It has been repeatedly adjudged, that money collected by a sheriff in virtue of an execution, cannot be attached. While it remains in his hands, it is the custody of the law. It does not become the property of the judgment creditor until it is paid over, and consequently is not liable to be attached as his. The writ of garnishment could not supersede the execution, or release the sheriff from a literal compliance with its command, which required him to bring the money into court, so that it might be subject to its order. Ross vs. Clark, 1 Dall. Rep. 354; Alston vs. Clark, 2 Hayw. Rep. 171 ; Dawson vs. Holcomb, 1 Hammonds' Rep. 275. Cases have frequently occurred, in which the sheriff has been directed to appropriate money in his hands to the satisfaction of a judgment against the party entitled to it, or in which the right to receive the proceeds of a judgment is contested. In such cases, a decision of the court is necessary to guide and protect the officer in the performance of his duties. But the present was not a proceeding of the character of either of these.

As our judgment may rest upon less disputable ground, we decline expressing an opinion whether the debt due from Stewart to the plaintiff, could be reached by garnishment. It does not appear that a judgment was recovered by Sanford either

against Stewart as a garnishee, or the plaintiff as a debtor. For any thing appearing to the contrary, there may have been an attachment pending against the plaintiff at the suit of Sanford, in which it is possible no judgment may ever be obtained. If such be the state of the litigation between them, and there is nothing in the record which shews it to be otherwise, the proceedings in the County Court, if allowed to stand, would be the means of wresting money from the plaintiff to pay a demand not prosecuted to judgment; and should no judgment be recovered, he may be compelled to become the *actor* in Court, in order to his reimbursement.

The entry in the County Court, so far it relates to Sanford's right to the money in controversy, is wholly unsustained. The proceeding is of a summary character, and according to principles recognized here, must be sustained by the allegations and recitals in the record, and cannot be aided by intendment.

The judgment of the County Court must be reversed, and the cause remanded.