## HITT v. LACEY.

1. A debt in suit, may under the attachment law of this State, be attached at the suit of a creditor of the plaintiff, in the same Court, where the suit is pending.

2. Where the defendant pleaded *puis darrien continuance,* that since the commencement of the suit, the debt sued for, had been attached in the same court, and that judgment had been obtained against him as garnishee, which he had satisfied; on demurrer, the plea was held good, but that the plaintiff was entitled to his costs up to the time of plea pleaded.

Error to the Circuit Court of Tuskaloosa.

THIS was an action of debt, on a promissory note by the plaintiff in error, against the defendant in error.

At a subsequent term, the defendant pleaded *puis darrien continuance,* that one Howe, had sued out an attachment against the estate of Hitt, the plaintiff, and had garnisheed the defendant; that the attachment was sued out after this cause was

commenced and returnable to the same Court.    That defend-
ant had appeared and answered the garnishment, and admitted
that he owed the amount of the note now sued on, and also,
that he had been sued upon it in this action.    That judgment
had been rendered in the attachment suit against Hitt, and also
against defendant as garnishee, for two hundred and forty dol-
lars, ninety-five cents, which judgment on the —— day of ——
he paid and satisfied, and prays judgment, &c.    To this plea,
the plaintiff demurred, and the demurrer was overruled by the
Court, and judgment rendered against the plaintiff for costs.

From this judgment, the plaintiff prosecutes this writ, and
assigns for error,

1.  The judgment of the Court on the demurrer. |
2.  Giving judgment against the plaintiff for costs.

PECK & CLARK, for plaintiff in error,—cited 13 Peters Rep.
136.

MOODY, contra,—referred to 20 Johns. Rep. 229 ; 4 Cowen,
521, note.

ORMOND, J.—We cannot perceive any reason why an at-
tachment will not be sustained, merely because the defendant
in the attachment has commeced a suit against his debtor pre-
vious to the suing out of the attachment and the summons of
his debtor as garnishee.    Our statute authorises an attachment
to be levied on a debt due the defendant in attachment, and by
a garnishment against such debtor, subjects the debt in his
hands to the payment of the claim prosecuted in the attach-
ment.    It certainly is not the less a debt, because a suit has been
commenced upon it, and therefore would seem to be within the
very letter of the statute.

The case cited from 13 Peter's Reports, is not like this case.
There, the suit against the debtor, who was afterwards garn-
isheed, was commenced in a Court of the United States, previ-
ous to the commencement of the suit by attachment in one of
the State Courts.    This appears to have been a principal ele-
ment of the decision of the court.    It is stated in the judgment
of the Court that, "the jurisdiction of the District Court of the
United States, and the right of the plaintiff, to prosecute his
suit in that Court, having attached, that right could not be ar-

rested, or taken away by any proceedings in another Court. This would produce a collision in the jurisdiction of Courts, that would extremely embarrass the administration of justice." Now, here the suit brought by the defendant in the attachment against his debtor, and the attachment against him, are both prosecuted in the same Court, no conflict of jurisdiction. therefore, can by possibility arise, and no reason can, in our opinion, exist, which would justify the Court in refusing to give effect to the statute. The precise point here raised, was determined by the Supreme Court of Pennsylvania, in McCarty v. Emlin, (2 Yeates' Rep. 190,) in which it was held that a debt in suit might be attached in the hands of the defendants in the suit; (McKean,) C. Justice, saying that the English decisions in which the contrary doctrine was held, proceeded on the ground that the inferrior Courts, in which alone this proceeding could commence by the custom of London, could not interfere with a matter in suit in the King's superior Courts.

In Zurcher v. McGee, decided at the last term, we held that money collected on a judgment, could not be attached by process of garnishment, in the hands of the sheriff, on the ground that it was in the custody of the law and did not become the property of the judgment creditor until it was paid over to him. It is obvious that decision does not affect the present question; and we are of opinion that no obstacle exists to giving effect to the plain direction of the statute.

But, as the plaitiff had a right of action when he commenced his suit, and which is admitted by the plea, *puis darrein continuance*, no judgment could be rendered against him for costs. The judgment of the Court below must therefore, so far as it relates to the costs, be reversed, and here rendered for the plaintiff in error, up to the time of plea pleaded.

GOLDTHWAITE, J.—I dissent from so much of the opinion just pronounced, as reverses the judgment, because costs were given to the defendant. I think the plaintiff was entitled to costs, only in the event of confessing the plea; here, however, he contests the defence, and I think all the precedents are, that he is chargeable with the costs.