# BINGHAM v. SMITH.

1. A debt in suit in Coosa county, cannot be attached by a creditor of the plaintiff in the circuit court of Tuscaloosa, the defendant in attachment controverting the justice of the demand.

2. *Quere*, whether a debt in suit can be attached in any other court than the one in which it is depending.

Error to the Circuit Court of Tuskaloosa.

Cochran, for plaintiff in error.
Peck and Moody, *contra.*

ORMOND, J.—This case is in all respects like the case just decided of Bingham v. Rushing, except that in this, the garnishee in his answer, admits that he has not paid the call of the President and Directors, for the instalment of twenty-five per cent, for which he states the President and Directors of the company have commenced a suit against him in the circuit court of Coosa county, "which said suit is still pending and undetermined; that said garnishee is defending said suit, and has been advised by counsel and verily believes that said company have no legal right to make such demand and to sustain said suit."

Can a garnishment be sustained for a debt in suit, under the circumstances here detailed.

In England, a debt in suit in the courts of Westminster, cannot be attached by the custom of London, which is the foundation and original of our proceeding by attachment. [Cro. Eliz. 63, Sir John Perot's case,] nor can a judgment in the King's superior courts be attached, [2 Bac. Ab. 260, H.] In McCarty v. Emlin, [2 Yeates' Rep. 190,] the Supreme Court of Pennsylvania denied that this law was applicable to this country, and that the reason of the decision in England, was that the proceeding under the custom was confined to the inferior courts, and that they could not interfere with a proceeding depending in the King's Superior Courts. But in Wallace v. McConnell, [13 Peters' 136,] it was held, that a debt in suit in a court of the United States, could not be attached in a State court, upon the ground that it would lead to a conflict of jurisdiction, and that the court which first obtained jurisdiction would keep it.

In the case of Tucker v. McGee, [2 Ala. 253,] this court held that money collected by a sheriff, under execution, could not be attached in his hands, upon the ground that it was in the custody of the law; but in Hitt v. Lacey, [3 Ala. 104,] we held that a debt in suit could be attached in the same court in which the suit was pending, upon the ground, that as the suit brought by the defendant in attachment against his debtor, and the attachment against him were both prosecuted in the same court, no conflict of jurisdiction, could by possibility arise. It is also to be

observed that in that case, there was no controversy as to the debt prosecuted by the defendant in attachment.

In this case, not only is the debt which the corporation is endeavoring to enforce, controverted by the defendant, but it is depending in another court whose jurisdiction cannot be ousted by the institution of this proceeding. If the plaintiff could not be permitted, upon this garnishment to litigate the question of the indebtness of the defendant to the corporation, the result would not be binding on the corporation, who are no parties to this proceeding. If, therefore, it could be permitted to attach a debt in suit in any other court, than the one in which the suit is pending, it must be in a case, where the indebtedness is not controverted.

In the case of Cook's adm'r v. Field, [3 Ala. 54,] we held that a judgment against a garnishee, was no defence against the original creditor, unless the judgment was satisfied by the garnishee. It follows necessarily, that the garnishee could not plead the pendency of this suit in bar of the further progress of the suit instituted against him in another court for the same debt, by the corporation, and the result might be, that in one proceeding he might be found indebted to the corporation, and in the other not to be indebted.

For these reasons, we are entirely satisfied, that both on principle and authority, this proceeding cannot be sustained, and the judgment of the court below is therefore affirmed.