HUIE v. GARRETT.

1. After a debt due by judgment is condemned in the hands of a garnishee,
the attaching creditor may compound with him, and release the judgment
provided his judgment against the attaching debtor remains in force, and
is credited with the sum recovered by him from the garnishee.

Error to the Circuit Court of Lowndes.

MOTION by Garrett, to enter satisfaction of a judgment ob-
tained, against him by Huie.

On the hearing of the motion, the facts were these, to
wit :

At the fall term, 1838, judgment was entered for Huie a-
gainst Garrett, for $1620 19.    In 1840, one Marvin, as the
attorney of Charles Dewey, sued out an attachment against
Huie, to which suit Garrett was summoned as a garnishee.
At the fall term, 1841, Dewey recovered judgment in this suit
against Huie, for $399 95, and at the same court a judgment
*ni si* was entered against Garrett, for the same sum, in conse-
quence of his default as garnishee.    This was made absolute
at the spring term, 1842.    Marvin, the attorney of Dewey,
in consideration of notes for about the sum of $1000, trans-
ferred and assigned this judgment to Silas Garrett, to which
Dewey assented.    Marvin entered a credit upon the judgment

of Dewey, against Huie, for the amount of the judgment, principal and interest, in favor of Huie against Garrett. The court ordered satisfaction to be entered according to the motion, and Huie excepted.

Another question, as to the validity of the judgment in the attachment suit, in consequence of a levy upon a chair is also raised on the bill of exceptions, but need not be stated here, as it is not relied on.

The judgment upon the notice is assigned as error.

ELMORE, for the plaintiff in error, insisted, that Marvin had no control over the judgment against Garrett, further than to secure the money, but could make no compromise. That judgment was not even a collateral security, and no contract between Dewey and Garrett, is binding on Huie. Besides this, it does not appear that Marvin was the agent of Dewey, except to sue out the attachment. Beyond this, it is not shown that Garrett owed Huie no other debt than the one in judgment, and if another debt was owing, neither Dewey or his agent had the right to select what debt Garrett should pay.

N. Cook, contra, contended, that Dewey by his judgment, had the right to receive from Garrett the sum the latter owed Huie, and if he received less, Huie cannot complain, if he has been credited with the full sum.

GOLDTHWAITE, J.—By the judgment rendered against Garrett, as the debtor of Huie, the right to receive the debt, was transferred to Dewey, the creditor, and it became *quasi* his debt. When therefore, he compounded with Garrett, (his judgment against Huie being in force,) the only right of Huie was, that Dewey should release him from the same sum as was due from Garrett. This was done when the credit was given, if the agent was authorized, and no question as to his authority is raised by the bill of exceptions.

We can see no error in the judgment. Let it be affirmed.