## FOSTER *v.* DUDLEY AND TRUSTEE.

A party, sued as trustee, cannot be charged on account of any tort, nor where the claim is for unliquidated damages only.

A party, sued as trustee, may be charged, though an action has been brought against him by the principal debtor, in case the trustee has still an opportunity in that action to plead the recovery in the trustee process; and the action of the principal debtor will be stayed till the trustee process is determined.

If a trustee process is commenced after the action of the principal debtor has passed the stage where a recovery in the trustee process could be pleaded, the trustee cannot be charged.

THE TRUSTEE disclosed as follows : " At the October term, 1853, of the court of common pleas for Hillsborough county,

holden at Manchester, the said Christopher Dudley, in an action then and there pending in his favor against me, recovered a verdict of a jury in his favor against me of $164,45. Said case was continued to the present term of said court, and is still pending, no judgment having been rendered on said verdict. I intend to review said action, and as said Dudley is insolvent, I intend to avail myself, under the advice of my counsel, of the benefit of the 47th Rule of Practice in this court.

The writ was served on me, as trustee of said Dudley, while said action was on trial, and before the case was submitted to the jury. The costs in said action against me have not been taxed, and I am unable to say how much they will be. Unless I shall be adjudged chargeable under the foregoing circumstances, I had no money, &c., of said Dudley," &c.

Judgment on the verdict is deferred only on account of this process.

The court held the trustee not chargeable, to which the plaintiff excepted, and the case was transferred to the superior court for decision.

*Foster*, for the plaintiff.

*Clark & Bell*, for the trustee.

BELL, J. The disclosure, in this case, is too imperfect to enable us to judge whether a trustee process might not be maintained upon other facts which might be supposed. If we assume, as we may, and perhaps ought, that the creditor has drawn from the trustee all that makes in his favor, the trustee should be discharged. It is clear that such process cannot be maintained in every case where a party defendant has an action pending against his trustee, which is shown or admitted to be well founded. There is nothing here to show the nature of the action in which this verdict

is rendered. If it was for slander or for assault and battery, or for any cause of action in which unliquidated damages are to be recovered, no trustee process could be maintained. *Paul* v. *Paul*, 10 N. H. Rep. 117 ; *Despatch Line, &c.* v. *Bellamy*, 12 N. H. Rep. 205 ; *Greenleaf* v. *Perrin*, 8 N. H. Rep. 273. While if the action was brought for the recovery of a debt, the trustee process might well lie, if it was seasonably brought.

The commencement of a suit by a creditor against his debtor, does not necessarily preclude a trustee process by a third person, against the debtor as trustee of the creditor. In such case, the pendency of the trustee process is a good ground for an allowance of delay in the original creditor's action until the trustee suit is determined. *Thorndike* v. *D' Wolf*, 6 Pick. 120 ; *Kid* v. *Shepherd*, 4 Mass. Rep. 231 ; *Locke* v. *Tippets*, 7 Mass. Rep. 149 ; *Wadleigh* v. *Pilsbury*, 14 N. H. Rep. 373 ; *Drew* v. *Towle*, 7 Foster's Rep. 412.

If a recovery is had in the trustee suit, the trustee may plead, *puis darrein continuance*, the recovery in that suit in bar of the creditor's recovery of part or all the claim against him, as the case may be. And this furnishes the test by which it may be determined whether the trustee process attaches or not. If the trustee suit is commenced while the debtor trustee has yet an opportunity to ask for delay, and to plead a recovery against him, if one should be had, he may be charged as trustee, if no other objection appears. *Locke* v. *Tippets*, 7 Mass. Rep. 149 ; *Foster* v. *Jones*, 15 Mass. Rep. 185 ; *Thorndike* v. *D' Wolf & Tr.*, 6 Pick. 120.

But if the trustee process is commenced after the time for delay is passed, and after the last opportunity to plead is gone by, the trustee cannot be charged, whatever may be the nature of the claim, because he is liable to have the debt recovered, collected by peremptory process of law, without any opportunity to make defence, or to protect himself against his creditor, by showing that he has already been compelled to pay the amount to another, by virtue of a trus-

tee process. *Howell* v. *Freeman*, 3 Mass. Rep. 121; *Kidd* v. *Shepherd*, 4 Mass. Rep. 238; *M' Caffrey* v. *Moore*, 18 Pick. 492.

Such, upon the disclosure, appears to be the present case, and on its face the trustee cannot be charged. If, however, the creditor's suit is for a debt, which will support a trustee process, and the case is so situated that further proceedings will probably be had, which will give opportunity to ask delay, and to plead a recovery under the trustee process, that may, in the discretion of the court below, be cause for delay to discharge the trustee at present.

As the case now stands, the trustee must be discharged.