SKIPPER *vs.* FOSTER.

[ATTACHMENT AND GARNISHMENT OF DEBT DUE BY JUDGMENT.]

1. *Garnishment lies against judgment debtor.*—A debt due by judgment may be subjected by process of garnishment issuing from the same court ; and the payment of the money under execution, after service of the garnishment, is no defense to the garnishee.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. NAT. COOK.

THE appellee recovered a judgment, in the circuit court of Henry, against Lemuel Searcy, and summoned the appellant, by process of garnishment, as the debtor of said Searcy. The garnishee answered, admitting that, at the time the garnishment was served on him, he was indebted to the defendant in attachment on a judgment previously rendered against him in said court; and stating that, since the service of the garnishment, he had paid said judgment under execution. On this answer the court rendered judgment against the garnishee, which judgment he now assigns as error.

JAMES L. PUGH, for the appellant.

STONE, J.—In the cases of Chandler v. Faulkner, 5 Ala. 567, and Hine v. Garrett, 10 Ala. 298, debts due by judgment were condemned by proceedings in garnishment. The ques-

tion of the liability of judgment debts to process of attachment, was not made in either of those cases. In an earlier case, Zurcher v. Magee, 2 Ala. 253, the question was presented, and considered ; but the case went off on another point. These citations, though not conclusive, are persuasive to show that debts may be attached, even after they are reduced to judgment.—Grayson v. Veechin, 12 Martin, 688.

The Code (§ 2516) declares, that attachments may be levied, "by summoning any person indebted to * * the defendant." Section 2517 is in these words : " Such person is called the garnishee, and must be cited by the officer to appear at the return time of the writ, and answer upon oath whether he was indebted to the defendant at the time of the levy of the attachment," &c. These sections give the right to levy an attachment on *debts*, without excepting from their operation any class of debts. Debts certainly do not cease to be debts, by being reduced to judgment. They are still liable to attachment under our statute. Other sections of part 3, title 2, ch. 1, art. 2, of the Code, clearly indicate an intention to constitute attachment and garnishment a very comprehensive remedy. The sole object of section 2524 was, to point out a cheap and simple mode, by which a garnishee, coming within its provisions, may guard his interest, while the attachment suit is pending.

Many decisions may be found, which assert the broad doctrine, that a debt either in suit or judgment cannot be attached.—Wallace v. McConnell, 13 Peters, 136, p. 151 ; Beaston v. Farmers' Bank of Delaware, 12 Peters, 102 ; Burnham v. Folsom, 5 N. H. 566 ; Ross v. Clarke, 1 Dallas, 354 ; Alston v. Clay, 2 Hayw. 171 ; Dawson v. Holcombe, 1 Ohio, 135; Embree v. Hanna, 5 Johns. 100. The principle on which these decisions are based, seems to be, that the suit or judgment places the debt in the custody of the law ; and to allow the same debt to be drawn into another forum, would probably lead to a conflict of jurisdiction. The reason of such rule does not exist in this case, for here the judgment and attachment are in the same court. If they were in different courts of our own State, we are not prepared to say that the garnishment would fail on that account. This question we do not now decide.

A judgment debtor, who may be served with garnishment, is certainly liable to be harassed by execution. This consideration does not authorize us to disregard the plain letter of the statute. But such debtor is not without remedy. All courts possess the inherent power to prevent abuse of their process.—Mobile Cotton Press Co. v. Moore & Magee, 9 Porter, 679. On proper petition and showing to the court, or to judge of the court in which the judgment was rendered, the execution would be stayed, on such security as the safety of the creditor might require.

There is no error in the record, and the judgment of the circuit court is affirmed.