## CALEB P. LOBDELL *vs.* AVERY D. ALLEN.

If, after the execution of an indenture of apprenticeship at common law in this common-wealth by the father and the master of the apprentice, with covenants that the apprentice shall serve the master faithfully for a term of years, and shall board with his father at a certain rate as long as the latter shall be disposed to board him, the master removes with the apprentice to another state with his and his father's consent, the father, if he subsequently takes his son away before the expiration of the term, is liable for breach of his covenants. *Aliter, it seems,* if the apprentice had been taken to the other state without the father's consent.

ACTION OF CONTRACT to recover damages for the breach of covenants in the following indenture of apprenticeship, whereby the defendant's son was bound to the plaintiff.

" This indenture, made this first day of May 1854, by and between Avery D. Allen of Mansfield, county of Bristol, tailor, and C. P. Lobdell of Mansfield, county of Bristol, Witnesseth : That the said A. D. Allen, in consideration of the covenants and agreements of the said C. P. Lobdell, hereinafter set forth and described, and in accordance with the consent and wishes of his son William A., who signifies his assent by subscribing their indenture, doth intrust, bind and hereby indent, the said William A. to the said C. P. Lobdell, to learn the art and trade of marble working, and all its branches, as done at the shop of said Lobdell, and with him as an apprentice to serve from the day of the date of this indenture until the first day of May in the year 1858;" and the defendant covenants with the plaintiff " that for and during the term aforesaid the said William A. shall well, truly and faithfully serve him, and shall give and devote to him his time and labor; that he shall not destroy or injure the property of the said Lobdell, but shall endeavor to advance the interest and benefit of his business, and shall conduct himself in a temperate, honest and industrious manner;" and Lobdell covenants to instruct the apprentice and supply him with suitable board and lodging, and pay him certain specified sums quarterly; and it is further agreed that the apprentice shall board with his father as long as the latter shall be disposed to board him, for the sum of $100 per an

num, payable quarterly; " and the said William A. signifies his assent to the terms and covenants of this indenture, and promises to keep and perform the same on his part."

At the trial in the court of common pleas, before *Mellen*, C. J., it appeared that the plaintiff was a worker in marble, having his residence and place of business in Mansfield, where the defendant and the apprentice also resided and now reside ; and in April 1855 opened another shop for carrying on his business in Providence in the State of Rhode Island, between one and two miles from the State line, still continuing for a time his former shop in Mansfield, and continuing to live there until July 1855, when he removed with his family to Providence ; that the defendant's son continued to work in the shop in Mansfield until about three weeks after the plaintiff removed to Providence, when the plaintiff informed him that he could go to Providence or remain in Mansfield, as he chose ; and that soon after this he, of his own accord, and with the acquiescence of the defendant, went to work in the plaintiff's shop in Providence, and there continued for about a week, at the end of which time he, without any notice to the plaintiff, left with the acquiescence of the defendant, (which was the breach relied on,) and had not since performed any work for the plaintiff under the indenture ; that the plaintiff, soon after the apprentice left the plaintiff's shop in Providence, closed his shop in Mansfield ; and had neither offered nor furnished any work to the defendant's son in this commonwealth since he left as aforesaid ; nor had the defendant or his son requested the plaintiff to furnish such, or offered to perform any more work for the plaintiff in this commonwealth or elsewhere.

The plaintiff offered evidence tending to show that the defendant and his son consented to the removal of the plaintiff out of the Commonwealth, and to his son's accompanying him and completing his apprenticeship at Providence. The defendant objected to the admission of this testimony. But the court admitted it.

The defendant asked the court to instruct the jury that " if the plaintiff, to whom the apprentice was bound by the inden

ture, removed out of the Commonwealth, and, with the assent of the apprentice and of the defendant, took the minor apprentice with him out of the State to work and live, and while so out of the State the apprentice left the plaintiff with the assent of the defendant, the plaintiff can therefor maintain no action upon the indenture against the defendant living in this state." But the court declined so to instruct the jury. Thereupon the defendant requested the court to instruct the jury that "the plaintiff had no right to carry the defendant's son out of this commonwealth to work at his business except with the assent of the defendant and the defendant's son; and that if both father and son did so assent, yet they might at any time reclaim their rights under the indenture and the law, and the defendant's son might leave the plaintiff while out of the State, and no action could be maintained therefor upon the indenture against the defendant." The court declined so to instruct the jury, but instructed them "that the plaintiff had no right to compel the apprentice to accompany him out of the Commonwealth to fulfil the stipulations in the indentures; but that if the defendant and his son assented to such change as aforesaid, and he went and worked and lived with the plaintiff, in Providence, in pursuance thereof, this would affirm and revive the stipulations of the indentures, and the defendant could not afterwards withdraw his assent and repudiate the stipulations, but would be liable for the son's leaving the plaintiff's employ." The verdict was for the plaintiff, and the defendant alleged exceptions.

*C. I. Reed,* for the defendant. 1. No covenant in the indenture has been broken by the defendant; for when an indenture of apprenticeship is made in this state between parties living here, although no place is mentioned therein in which the service is to be performed, yet by intendment of law it is to be done in this state; and it seems to be well settled that a master has no right, by virtue of the indenture, to carry his apprentice out of the State, and if he does so, the contract created by the indenture is no longer binding on the apprentice. *Ayer* v. *Chase* 19 Pick. 556. *Randall* v. *Rotch,* 12 Pick. 107. *Coffin* v. *Bassett,* 2 Pick. 357. *Powers* v. *Ware,* 2 Pick. 451. *Hall* v. *Gardner*

1 Mass. 172. *Davis* v. *Coburn,* 8 Mass. 299. *Himes* v. *Howes* 13 Met. 80. *Commonwealth* v. *Deacon,* 6 S. & R. 526. *Commonwealth* v. *Edwards,* 6 Binn. 202. *Olney* v. *Myers,* 2 Scam. 311. *Vickere* v. *Pierce,* 3 Fairf. 315. *Coventry* v. *Woodhall,* Hob. 134.

2. So in this case if the plaintiff rightfully carried the defendant's son into Rhode Island, it was by virtue of some agreement or contract aside from and independent of the indenture declared upon, and if that agreement or contract has been violated, the action should have been brought for that, and not on the indenture.

*E. H. Bennett,* for the plaintiff. 1. This action is not against the apprentice, but against his father for breach of his covenant, made on good consideration, that his son should faithfully serve the plaintiff for four years. Such a covenant is binding upon the father at common law, whether the son be legally bound or not. The son was not bound to go to Providence, but his father is liable in damages for his not going. *Whitley* v. *Loftus,* 8 Mod. 190. *Branch* v. *Ewington,* 2 Doug. 518. *Cuming* v. *Hill,* 3 B. & Ald. 59. *Day* v. *Everett,* 7 Mass. 145. *Phelps* v. *Townsend,* 8 Pick. 392. *Fowler* v. *Hollenbeck,* 9 Barb. 309. *Van Dorn* v. *Young,* 13 Barb. 286. Rev. Sts. *c.* 80, § 26.

In this case the covenant is direct on the part of the parent towards the plaintiff, binding him to see it fulfilled or pay the damages, and is distinguishable in this respect from *Blunt* v. *Melcher,* 2 Mass. 228, and *Holbrook* v. *Bullard,* 10 Pick. 68.

2. If the father would not have been liable, had the son refused to go out of the State, yet the parties having consented to it, the covenant is continued in force, at least as to the father, and as to him it stands as if the plaintiff had been living out of the State when the indenture was first made. Although this might not bind the son, had he been a minor, (since it would not be within the statute, and not at common law, since an infant may avoid such a contract,) yet the father would be bound. *Olney* v. *Myers,* 2 Scam. 311. *Burden* v. *Skinner,* 3 Day, 126. Just as the assignment of an apprentice, although not valid without consent, yet with that, it becomes a new apprenticeship, or the continuation of the old one, binding all

concerned. *The King* v. *Stockland,* 1 Doug. 70. *Phelps* v. *Culver,* 6 Verm. 430. *Williams* v. *Finch,* 2 Barb. 208. *Nickerson* v. *Howard,* 19 Johns. 113. *Commonwealth* v. *Jones,* 3 S. & R. 158. *Commonwealth* v. *Leeds,* 1 Ashm. 405.

This case was decided at Boston in June 1858.

DEWEY, J. The indenture upon which this action is brought is an indenture at common law, and not one made under the provisions of Rev. Sts. *c.* 80.

Such indentures at common law, although they may not have the benefit of the provisions of the statute to enforce their performance, are nevertheless good in law, and may subject the father, who thus stipulates for the services of a minor son, to respond in damages for the breach of his contract. *Day* v. *Everett,* 7 Mass. 149. Although it may not be obligatory on the minor, yet the father may be liable on his covenants.

But it is said that this was an indenture of apprenticeship made in this commonwealth between parties living here, and that although no place was stated in the indenture in which the service was to be performed, yet, by intendment of law, it was a contract for services to be performed in this commonwealth. We have no doubt such would be the construction to be given to an indenture under the revised statutes. We apprehend the same would be true of an indenture at common law, of the character of the one now before us, in the absence of anything to control such presumption or waive the benefits of it. If it were not so held, the effect would be to authorize the party to whom such services were secured to require the minor to remove to California, or even Australia.

In the present case, there is wanting not only any express stipulation looking to services elsewhere, but there are provisions in the indenture indicating quite the contrary. Such is the provision that the minor is to board with his father, as long as the father is disposed to board him for $100 dollars per annum, to be paid in equal proportions monthly. This seems to give a locality to the services to be rendered by the minor. But this was a condition or portion of the agreement that might be waived or modified by the consent of the parties. The case

presents such waiver, or modification, made under circum-
stances which estop the defendant from setting up as a defence
that the plaintiff had removed from the State of Massachusetts
into the adjoining State of Rhode Island. The bill of excep-
tions finds that the plaintiff offered evidence tending to show
that the defendant and the minor consented to the removal of
the plaintiff out of the Commonwealth, and that the minor
should accompany him and complete his apprenticeship at Provi-
dence, and performed actual services there under this assent. In
reference to such evidence the instructions given were unobjec-
tionable and sufficiently favorable to the defendant.

*Exceptions overruled.*