# Calhoun *v.* Whittle.

## *Garnishment in aid of Pending Action.*

1. *Chancery decree against administrator, in favor of legatee.*—A decree in chancery against an administrator, in favor of a legatee, for the amount due on his legacy, is the personal, individual debt of the administrator, and not a debt due from him in his representative character; and although it directs that execution on it shall be levied of the goods and chattels of the testator, this, if not a mere clerical misprision, amendable of course, does not change the character or legal effect of the decree, when it becomes the foundation of a distinct suit in another tribunal.

2. *Same, in favor of life-tenant.*—A decree in chancery against an administrator, directing payment of a bequest to a legatee who is only a tenant for life, without requiring a suitable bond for the protection of the interests of the remaindermen, is erroneous; yet, if the administrator takes no steps to correct or reverse it, he cannot collaterally impeach it, nor claim any advantage from the error when sued on the decree.

3. *Garnishment of debt due by judgment.*—It is settled by the former decisions of this court, that a debt due by judgment may be reached by a garnishment issued from the same court in which the judgment was rendered; and a judgment in a different court falls within the equity, if not within the terms, of the present statute (Rev. Code, § 2951), which authorizes the attachment and garnishment of a debt on which an action is pending in another court.

4. *Payment of debt after service of garnishment.*—A payment of a judgment by the defendant therein, under execution, after the service of a garnishment from another court, is voluntary, and is no defense to the garnishment.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAMES E. COBB.

The appellee in this case, James J. Whittle, having commenced an action at law, by summons and complaint, which are nowhere set out in the record, against Rhoda Renfroe, sued out a garnishment in aid of said action, and had it served on the 24th June, 1875, on Elisha Calhoun, the appellant, as the debtor of said Rhoda Renfroe. At the October term, 1876, the garnishee appeared, and filed an answer; denying that he was indebted to the said Rhoda Renfroe in his individual character, at the time the garnishment was served on him; but stating that, at the May term, 1875, of the Chancery Court of said county, a decree was rendered against him, as the administrator with the will annexed of Patrick Calhoun, deceased, in favor of said Rhoda Renfroe, for $723.58, and that he paid the amount due on this decree to the sheriff, on the 19th July, 1875, under an execution issued on the decree. A copy of the decree, and of the will of said Patrick Calhoun, was annexed to the answer as an exhibit. By said will, the testator, after several specific be-

[Calhoun v. Whittle.]

quests of slaves, bequeathed the residue of his estate to his brother, Elisha Calhoun, and his three sisters, one of whom was Rhoda Renfroe; adding to the bequest these words: "And be it known that I have given this property unto my sisters during their natural life, and then to their children." The decree was rendered in a suit in which said Rhoda Renfroe and others were complainants, and said Elisha Calhoun, as the administrator with the will annexed of said Patrick Calhoun, was defendant; ascertained the amount in the hands of the defendant, as administrator, due to each one of the complainants respectively, "as heir or legatee of said Patrick Calhoun," and rendered a decree in favor of each one accordingly; and the decree directed that, if these several amounts were not paid to the register of the court within forty days, executions should be issued against him, in favor of each one of the complainants, "to be levied of the goods and chattels of the estate of said Patrick Calhoun, in the hands of said Elisha Calhoun unadministered." On this answer, the court rendered a judgment against the garnishee, in favor of the plaintiff, for $617.50, the amount of the judgment which the plaintiff had obtained against the said Rhoda Renfroe on a former day of the term; and this judgment against the garnishee is now assigned as error.

L. W. MARTIN, for appellant.—1. Garnishment is a suit, and is governed by the same general rules which apply to other suits; and less certainty is not required in it, than in other forms of action.—*Tillinghast v. Johnson*, 5 Ala. 514; *Wyman & Moses v. Stewart*, 42 Ala. 163; Brickell's Digest, 173, § 276. The garnishment was against the administrator personally, while the decree in chancery was against him in his representative character, and the execution ordered to be levied of the goods and chattels of the testator. A summons and complaint against a person individually will not support a judgment against him as administrator; and there is no reason why a greater laxity of pleading should be allowed in garnishment cases. The statute authorizing garnishments against executors and administrators, Rev. Code, §§ 2946–47, refer to the representative, and not to the individual.

2. There is no statutory authority authorizing a garnishment against a defendant in a chancery decree. The statute in reference to pending suits, Rev. Code, § 2951, applies only to actions at law, and debts *eo nomine*, such as can be recovered by action of debt, or *indebitatus assumpsit*. Judgments are not within the terms of this statute; and if they were included, public policy forbids that the process of the Chan-

cery Court should be thus interrupted by process from the courts of law.

3. A life-estate in money can not be reached by garnishment. Money has no "ear-marks;" and to make it thus subject, would destroy the estate in remainder. The money, in such case, should not be paid over to the tenant for life, without a refunding bond.—*Mason v. Pate's Executor*, 34 Ala. 379.

CLOPTON, HERBERT & CHAMBERS, *contra.*—1. The decree in chancery was, in legal effect, the personal debt of the administrator; and the direction as to the levy of execution on it can not change its legal effect. An action on the decree must necessarily have been brought against the defendant personally.—*Hughes v. Mitchell*, 19 Ala. 271; *Modawell v. Holmes*, 40 Ala. 390, 403; *Adams v. Barrett*; 2 N. H. 374; *Richards v. Griggs*, 16 Miss. 416; 3 Harr. 267; *Parks v. Hadley*, 9 Verm. 320; Drake on Attachment, §§ 497-8.

2. The administrator can not complain, in this proceeding, that no refunding bond was required to protect the interest of the legatees in remainder. If the decree is erroneous in this respect, it might be reversed on appeal; but, until reversed or set aside, it is conclusive.

BRICKELL, C. J.—Conceding that the garnishment is operative only to reach a debt owing or due from the garnishee individually, and not a debt or demand chargeable against him in his capacity of administrator with the will annexed of Patrick Calhoun, the first question is, the legal effect of the decree of the Court of Chancery rendered against him, in favor of Mrs. Renfroe, the judgment debtor. We think it apparent, that the decree was for the recovery of the bequests to Mrs. Renfroe, contained in the will of Patrick Calhoun. On the rendition of the decree, the garnishee became the personal, individual debtor of Mrs. Renfroe. The decree conclusively adjudged, that he had assets sufficient for its satisfaction. The bequests were ascertained; the right of the legatee, and the liability of the garnishee, determined. Until such ascertainment, the bequests were not debts—they were uncertain, unascertained sums, dependent in amount and payment on the quantity of the assets, the debts of the testator, and other primary charges. They were not recoverable at law, but were exclusively of cognizance and enforcement in the Court of Probate, or the Court of Chancery. When either of these tribunals ascertains and decrees them against the personal representative, their character is changed. They become debts due from him, on

which appropriate actions at law will lie against him and his sureties. The judgment or decree against him importing, as it does conclusively, that he had assets for their satisfaction, non-payment is a breach of his official bond.—*Perkins v. Moore*, 16 Ala. 9; *Kyle v. Mays*, 22 Ala. 692; *Holley v. Acre*, 23 Ala. 603. If he should die, and his estate prove insolvent, the decree would be a debt chargeable on the estate, equally with a bond executed by him, or a judgment founded on a contract made by him. The proper execution on the decree against him would be *de bonis propriis*, not *de bonis testatoris*. The direction of the decree, that the execution should be levied of the goods and chattels of the testator, if not a mere clerical misprision, amendable as matter of course, can not change the character and legal effect of the decree, when it becomes, as in this case, the foundation of a distinct suit, in another tribunal. It may control the process issuing out of the Court of Chancery, but it can not impair the operation of the decree. That remains a conclusive adjudication, converting the bequests into a debt, the legatee into a creditor, and the personal representative, from a trustee, into a debtor. On this debt, garnishment against the administrator individually, not in his representative capacity, was proper, as a suit against him by the legatee could have been supported only in that form.

2. It is certainly true, the interest of the judgment debtor in the bequests was only for life, and that the Court of Chancery erred in decreeing that the appellant should pay them to her, until she had given suitable bond for the repayment to the remainder-men on her death.—*Mason v. Pate*, 34 Ala. 379. The appellant submitted to the decree, and has taken no step to correct or reverse it. The life-tenant could enforce its payment, and he can not collaterally impeach it. If the interests of the remainder-men are in jeopardy, a court of equity has ample jurisdiction to protect them.

3. It is not now an open question in this court, that a debt due by judgment may be subjected by garnishment, issuing from the court in which the judgment was rendered.—*Skipper v. Foster*, 29 Ala. 330; 5 Ala. 567; 10 Ala. 298. Whether, when the judgment is rendered in one court, garnishment will lie from another court to subject it, was not settled by judicial decision. In *Hill v. Lacy*, 3 Ala. 104, it was held, that a debt in suit could be reached by garnishment, issuing out of the same court. It was said, all debts were the subject of garnishment, and the commencement of suit worked no change in the character of the demand; and as both suits were in the same court, no conflict of jurisdiction could possibly arise. In *Bingham v. Smith*, 5 Ala. 651, it was held, if

[Calhoun v. Whittle.]

the debt was controverted, and was in suit in one county, it could not be reached by garnishment issuing from the court of another county. Subsequently, the present statute was enacted, by which debts in suit, in any of the courts of this State, are made the subject of garnishment; and the vexation of the garnishee, or a conflict of jurisdiction, is avoided, by requiring the court in which the suit on the debt is pending to stay execution until the termination of the garnishment suit, and then to make the order which may be appropriate.—R. C. § 2951. The equity, if not the terms of the statute, we think, extends to judgments. The policy of the statutes providing the remedy by garnishment is the subjection of the effects, the choses in action of a debtor, not liable to execution, to the payment of his debts, unless expressly exempt by the terms of the statute, or the constitution, or from public policy. Debts originating in contract, whether due or to become due in the future, whether due or owing individually or in a representative capacity, as by an executor or administrator, or a trustee; legacies or distributive shares; money in the hands of officers of court, presumed to be in the custody of the law, or in the hands of attorneys, are, like debts in suit, subject to the process. A judgment is a debt ascertained, and remains a contract, within the protective power of the constitution of the United States, inhibiting the passage of laws impairing its obligation.— *Weaver v. Lapsley*, 43 Ala. 224. An action of debt will lie on it, though an execution may issue thereon.—*Kingsland v. Forrest*, 18 Ala. 519.

There is nothing in the character of the judgment, to relieve it from liability to garnishment. The objection urged is the unseemly conflicts of jurisdiction, which may arise, and the inconvenience and embarrassment of judgment debtors and creditors, which may be imposed. The same conflicts, and like inconvenience and embarrassment, if not more serious, may be apprehended, by the garnishment of a debt in suit. Yet, when the two courts are members of the judicial department of the same government, and each subordinate to the control and supervision of the same superior tribunal, are not these apprehensions rather imaginary than real? Each court is bound to respect the process, judgments, or decrees of the other; and each, while administering justice to the suitors before it, must take care not to infringe on the jurisdiction of the other, or the rights of suitors before it; not on any principle of comity, but on principles of law they can be compelled to observe. Each has an inherent power to prevent the abuse of its process; and, observing the course pointed out in the statute, in refer-

ence to the garnishment of debts in suit, can save the judgment debtor from vexation, and preserve the rights of the creditor; and, so far from a conflict of jurisdiction arising, there will be harmony of action, and neither tribunal will invade the sphere of the other. It is possible, occasional individual injury may be suffered, because of the garnishment in the one court of the judgments rendered in another; but the preservation of the general policy of the statutes, and the protection of the interests of the community at large, are of paramount importance to the prevention of occasional inconvenience or hardship to individuals. Many decisions, of high authority, can be found, which assert the exemption of judgments in one court, from garnishments in another. Without departing from the spirit and policy of our own statutes, we can not follow them.

4. A voluntary payment of the debt by the garnishee, after the service of the garnishment, will not defeat it. Its service creates a lien on the debt, which continues until it is dissolved by the discharge of the garnishee, under the order of the court from which it issues. The payment by the appellant of the execution, after service of the garnishment, was voluntary. He could have had the execution stayed until the termination of the garnishment suit, by an application to the chancellor.—*Skipper v. Foster, supra.* The appellee had pursued the only remedy he could pursue—the garnishment—to stay the enforcement of the execution. It was at his own peril the appellant made the payment; and if he sustains loss, it results from his own neglect.

We find no error in the record, and the judgment must be affirmed.