HEZEKIAH K. SMITH *vs.* HUGH J. CARROLL & THOMAS J. MCPARLIN.

A plea *puis darrein continuance* was filed without an affidavit. No question was made as to the truth of the matters pleaded.

*Held*, that the plea should not be dismissed on motion.

In an action of *assumpsit* the defendant pleaded, *puis darrein continuance*, that he had been garnished by a creditor of the plaintiff in another action. Both actions were pending in the same court. On demurrer to the plea, —

*Held*, that the garnishment was maintainable.

*Held*, further, that the action of *assumpsit* should be stayed to await the result of the garnishment suit.

*Held*, further, that the stay of the action could be ordered either on plea *puis darrein continuance*, or on motion.

ASSUMPSIT. On motio ᵗo strike out a plea *puis darrein continuance*, and subsequently ᴄ.ᴛ demurrer to the plea.

*July* 19, 1890. DURFEE, C. J. This is an action of *assumpsit* entered in this court at the October Term, A. D. 1888. By plea *puis darrein continuance*, filed May 20, A. D. 1890, the defendants pleaded in abatement that since continuance they have been served as garnishees in an action brought against the plaintiff by one William H. Clapp, wherein the writ was returnable at the ensuing June Term of the Court of Common Pleas. The plaintiff moves the dismissal of the plea because it is without affidavit to the truth of the facts set forth in it.

The English practice was formerly to have the plea verified by affidavit. The affidavit, however, was not indispensable, but the justices in their discretion could receive the plea without it " if they perceived any verity therein." *Hawkins* v. *Moor*, Cro. Jac. 261 ; *McGowan* v. *Hoy*, 4 J. J. Mar. 223. The affidavit was intended to give information to the court, not validity to the plea. *Morrow* v. *Morrow*, 2 Constit. S. Car. 109, 3 Brev. 394 ; and that the plea may be good without the affidavit, *Jackson* v. *Peer*, 4 Cow. 418. In *Bancker* v. *Ash*, 9 Johns. Rep. 250, it is said that the affidavit was required to prevent the abuse of interposing the plea for delay, and was only required at the circuit, as the circuit judge had no authority to try it, but that even the circuit judge might receive the plea without oath if there were probable cause to believe it true. We think, therefore, that while we might require an affidavit, if the truth of the plea were questioned, which it is not, the motion to dismiss should be denied.

The question as to the sufficiency of the plea, as to which there is some contrariety of decision, will be more properly raised by demurrer. *Paris* v. *Salkeld*, 2 Wilson, 137, 138.

<em>Motion dismissed.</em>

The plaintiff then demurred to the plea.

*February* 7, 1891. DURFEE, C. J. This is *assumpsit* to recover four hundred dollars in money. The action was brought in this court at the October Term, A. D. 1888. February 17, A. D. 1890, one William H. Clapp brought an action of debt on judgment for $122.74 debt, and $5.65 costs against the plaintiff in the Court of

Common Pleas, the writ wherein was served by garnishment on the defendants for the purpose of attaching in their hands the money sued for in the case at bar. Said action was entered in the Court of Common Pleas at the June Term, A. D. 1890, and appealed by the defendants to this court at its present term, so that both cases are now pending in this court. The defendants have set forth these facts on the record by plea *puis darrein*, and the plaintiff has demurred.

The plaintiff contends that after the commencement of his action the money sued for was in the custody of the law and no longer subject to attachment, and furthermore that, even if it continued to be subject to attachment, the defendants' said plea is fatally defective in form and substance and should be overruled. We will first consider the question first presented, namely, whether such an attachment can be supported.

According to what seems to be the prevailing current of American decision, a debt is not necessarily put beyond the reach of garnishment by being put in suit, where both suits are in the same jurisdiction. Drake on Attachment, §§ 618–621 ; McConnell on Trustee Process, §§ 318–320. The law, as supported by American authority, is well stated in *Foster* v. *Dudley*, 30 N. H. 463–465. In that case the court say : " If the trustee suit be commenced while the debtor trustee has yet an opportunity to ask for delay, and to plead a recovery against him if one should be had, he may be charged as trustee, if no other objection appears." See, also, *McCarty* v. *Emlen*, 2 Yeates, Pa. 190 ; *Crabb* v. *Jones*, 2 Miles, Pa. 130; *Sweeny* v. *Allen*, 1 Pa. St. 380; *Thayer* v. *Pratt*, 47 N. H. 470 ; *Thrasher* v. *Buckingham*, 40 Miss. 67 ; *Lieber* v. *St. Louis A. & M. Association*, 36 Mo. 382; *Smith* v. *Barker*, 10 Me. 458 ; *Thorndike* v. *De Wolf*, 6 Pick. 120 ; *Whipple* v. *Robbins*, 97 Mass. 107. There are cases that hold, or appear to hold, that, for the garnishment to be effectual, the two suits must be in the same court, as well as in the same jurisdiction. *Hitt* v. *Lacy*, 3 Ala. 104 ; *McDonald* v. *Carney*, 8 Kansas, 20 ; *Bingham* v. *Smith*, 5 Ala. 651. Under this rule the garnishment here is maintainable.

The next question is, as to the plea *puis darrein*. The purpose of the plea is to protect the defendant from liability to double payment. The Supreme Court of Vermont, in *Trombly & Sax* v.

*Clark*, 13 Vt. 118, 123, has said : " If a suit is pending in the name of the principal debtor against the trustee as defendant, and the latter is summoned as trustee, he may plead this temporary bar, and stay the proceedings until the suit of the creditor against him, as trustee, is determined." The same view has been taken by other courts. *Crawford* v. *Slade*, 9 Ala. 887 ; *McDonald* v. *Carney*, 8 Kansas, 20. The plea in this view has the effect simply of a motion for continuance, or for a temporary stay of proceedings ; and when the two suits are depending in the same court, the record in each being thus readily accessible to inspection, we see no reason why the result, intended to be accomplished by the plea, cannot be as well, if not better, accomplished by motion. It seems to be the practice in some States to resort to a motion rather than a plea. *Winthrop* v. *Carlton*, 8 Mass. 456 ; and see *Spicer* v. *Spicer*, 23 Vt. 678. And in this view it seems to us that the matter, whether interposed by plea or motion, need not be very. strictly regarded, if only it be made to appear that justice requires a stay. We are of opinion that the plea here is sufficient for the purposes intended. It is objected that the suit, though brought in the name of the plaintiff, is prosecuted, as appears by the declaration, for Jacob Mathewson, as his assignee, and that the plea does not allege any invalidity in the assignment. We think, however, that the place to try whether the assignment is valid or not is in the garnishment suit, and that the allegation is therefore unnecessary.                                    *Demurrer overruled.*

*Claudius B. Farnsworth, Claude J. Farnsworth & Jacob W. Mathewson,* for plaintiff.

*William H. Clapp, Hugh J. Carroll & Thomas J. McParlin,* for defendants.